Good morning, your honors. My name is Scott Englehardt and I represent Carlos John Williams. This is a habeas corpus case. It's before this court, I believe primarily on a procedural default question. Well, that's a good, that's sort of a good question because the district court handled both on the default, while both found independent and adequate state grounds, but also dealt with the case on the merits, right? Well, the court ostensibly dealt with the issue on the merits, but we submit that that was flawed legally and factually. All right, so we're dealing with ADPA, correct? That's not disputed? No, it's not. Now, it seems to me, though, on some level, both you and the appellant and appellee seem to be sort of talking past each other on this state grounds because one of you is talking Rice and the other is talking Taylor and... The remand order indicated that the issue was, that was raised in Mr. Williams' PRP was similar, but not identical, but similar to his direct appeal issue, and therefore it doesn't fall under Taylor. And the district court, when the case was remanded to it, determined the case exclusively on N. Ray Rice, didn't consider N. Ray Taylor. And I don't think there's any basis for the state's position that N. Ray Taylor is applicable here. The default issue with Rice, I think, is clear cut, and it may be partly why the state didn't respond to the Rice arguments. Rice is simply not adequate for this case, given that the petitioner's allegations were made on the record, as opposed to out of court in the normal personal restraint petition situation. Well, they were made at the end of the trial, right? They were made at the end of a trial, if you put a trial in quotes, because it was a stipulated trial, which is essentially no trial at all, except the judge reading the record. But people can do it. I mean, people can do that. I mean, I was a trial judge, and people stipulate what comes in, and they can waive jury, and they can do a lot of things, and so it's not, it still doesn't make it less of a trial. He had a trial. Absolutely. But the trial was not over. There had been no testimony at that point. The judge had read reports only. Well, if I buy your argument, if I buy your argument that there isn't, that on the procedural default that that doesn't fly, what's your best argument that this would have made a difference? Your Honor, first of all, it is impossible to have a full understanding of how it would make a difference, because we've never had an evidentiary hearing. Mr. Williams has never had an opportunity to put the recanting witness who says he was coerced, who says he got a deal, Mr. McDaniels, on the witness stand, for him to flesh out the full extent of the misconduct that he's alleging. He never said that the defendant, we'll call him, didn't say those things, didn't make the confession. He said I was coerced. Yes. Maybe I was even being led. They suggested things to me, and he felt that was wrong. He was kind of upset with the way they treated him. But he never came out and said, you know, the fellow did not say that. I didn't see that anywhere. He never recanted that. I think that is in the affidavit that Mr. McDaniels ---- Point us where, then, because saying I didn't say that is different than I felt all these things. He doesn't ever say that your client didn't say those things. I think he did say that he made false statements to the police. And this is the conundrum for Mr. Williams, is that he's never had an opportunity to present this evidence. And the trial court could have very simply brought Mr. McDaniels down from the jail and put him on the witness stand for, you know, less time on this closed-down event. Who prepared the affidavit where he said that he felt coerced? Your Honor, in my reply brief, I cite the, and I believe I quote, that portion of the ---- I don't know that that's clear, but it was part of the personal restraint petition, I believe the second one. But it wasn't the prosecution that prepared that. Who prepared that? It was some defense attorney, right? Your Honor, I believe that Mr. Williams was pro se at the time. Whether it was prepared by him or by Mr. McDaniels or modified, prepared by one, modified by the other, I can't answer that question. What we do know is that he signed it. We do have an affidavit, I believe, from Russell Ward at the Department of Corrections about the whole process of Mr. Williams trying as he might to get access to another fellow prisoner. He was unable to do that, which kind of goes back to Rice to some degree, or at least to actually the issue of cause and prejudice for any procedural default, which I will add that the district court never addressed. And we have a substantial argument that even if there was some procedural default as to the failure to have an affidavit from Mr. McDaniels, Mr. Williams submitted lengthy pleadings in support of his cause for not being able to do so. The fact that he was pro se, that he was unable to hire a lawyer, unable to hire an investigator, and eventually didn't have direct access himself until the end of the time period that exists, the one-year time period for filing the first personal restraint petition. Your Honor, this is a case where the lawyers for this person came in and talked to the court as sworn officers of the court about their direct communications with a recanting witness who says he was coerced, who says that he was made offers. And this is blatant, striking Brady violations. Well now, how is it a Brady violation when he knew about it? He didn't know about it until the time when Mr. McDaniels was interviewed in the jail during the trial. But what's the indication that the prosecutor knew about it before you knew about it? What is the indication of that? Yeah. We have none because the court didn't hold an evidentiary hearing. Had they simply had even a half an hour evidentiary hearing, we could have at least had some fleshing out of this issue. What we've got is sworn officers of the court saying that this person has admitted to them that he was coerced and that he was made promises that were not part of the disclosure made by the state. And yet the judge in an extremely serious case, I mean this individual, Mr. Williams, is basically doing a life sentence here. And yet the judge failed to hold a hearing. I think it's egregious. I suggest that it is appropriate that this court reverse the convictions and remand the case for a jury trial in state court. And I would ask to reserve the remaining time for rebuttal. Thank you. Thank you, Your Honor. Good morning. May it please the Court, I'm Alex Kostin, Assistant Attorney General, representing Washington Department of Corrections. This court should hold that Mr. Williams' claim is procedurally defaulted under independent and adequate Ingrid Taylor Barr. Even if this court disagrees that Taylor Barr's this claim, it should not grant relief because the claim fails to state a ground for federal habeas relief, since no United States Supreme Court ever held that recantation of witness is a constitutional violation. I believe I need to clarify certain issues that were raised by the court. So why are you talking about Taylor when the district court talked about Rice? The district court was incorrect. The last court that specifically addressed this issue was the Washington Supreme Court in the First Person Restraint Petition, and that court specifically held that this claim is barred under Ingrid Taylor. However, it's not entirely wrong to say that Rice is a procedural bar. Mr. Williams is portraying Rice as Did the government take that position down below, that it was a Taylor situation, or did they go along with the district court saying it was Rice? The government agreed with the final conclusion of the district court, that there was an independent and adequate procedural bar. Ingrid Rice actually discusses Ingrid Taylor and is based in part on Ingrid Taylor. So it's not inaccurate to call this bar Ingrid Rice. However, the confusion here is that Ingrid Rice is usually used by Washington state courts to illustrate another point. However, Ingrid Rice is based on Ingrid Taylor. So this court is using the NOAA standard, should hold that even though it was not entirely accurate for the district court to say that the standard is called Ingrid Rice, however, it was accurate to say that independent and adequate bar existed. This court should say that the bar is actually Ingrid Taylor bar. Under Yielst v. Nanomaker, What if we don't agree with that? Can we still affirm the district court? If we don't agree that there was an adequate and independent state ground, if we move on, the district court made an alternative ruling. What's your position on that? Yes, Your Honor. Again, using the NOAA review standard, even if this court disagrees that Ingrid Taylor is an adequate and independent bar, this court should hold that Mr. Williams' claim fails on the merits, because to grant federal habeas review, this court should hold that there was a federal constitutional violation. However, no United States Supreme Court ever held that a recantation of a witness, even if we characterize this so-called, this affidavit as a recantation, that recantation of a witness is a federal constitutional violation. What about a Brady violation, that they're claiming a Brady violation? Well, it's not a Brady violation, and this claim, Mr. Williams never presented a Brady claim to the state courts below. So Mr. Williams is trying to say now this is a Brady claim. This claim is not properly exhausted. The only claim that Mr. Williams presented on directive view and in the first-person restraint petition was that the witness recanted and the court should have held a hearing on that, and that was the extent of the claim that he presented. Again, the last state court specifically said that was the Washington Supreme Court in the first-person restraint petition. It specifically said that this court is barred under Ingrid Taylor. Mr. Williams, I believe, is trying to say that since the Court of Appeals in the first-person restraint petition said it was Ingrid Ricebar, that was an incorrect ruling. But under Yields v. Nanemake and Thomas v. Lewis, which is this Court's case, this Court should look at the last-reasoned opinion, and the last-reasoned state court opinion was that Washington Supreme Court opinion that specifically used Ingrid Taylor. Mr. Williams is also saying that evidentiary hearing should be held because he should be able to show that Mr. McDaniels, he should be able to explain why he was late in obtaining Mr. McDaniels' affidavit. The purpose of the evidentiary hearing in the federal court is to show that, is to allow Mr. Williams to prove the factual allegation that if true would entitle him to habeas relief. The factual allegation here, the core of this allegation is the witness recantation. There is no question that Mr. Williams was aware of Mr. McDaniels' let's call it recantation at the time of trial. And even if he was not aware of that, recantation itself would not entitle him to relief. I want to explain that this affidavit only deals with one case of rape and burglary. However, Mr. Williams was convicted of a total of six unrelated rapes and five burglaries. So this evidentiary hearing is not warranted in this case. Also, there was critical other evidence that aside from Mr. McDaniels' statement to the court links him to the crime, Mr. Williams made essentially the similar confession to Mr. McDaniels' wife, Sandra, where he explained that he raped a woman, put a pill over her head while he was raping her, and then stole her car. And that affidavit was, that statement was never recanted. Also, as the state court found, there was DNA, there were DNA samples found on the scene that linked Mr. Williams to the crime. Not all crimes, though, some crimes. There's DNA on some, not all, right? Well, the DNA that was specifically linking Mr. Williams to that particular crime. Again, the only crime Mr. McDaniels was talking about was the rape, one rape, and stealing the car of that rape victim. And federal court, I'm sorry, the trial court found that DNA samples found on the scene of that crime linked Mr. Williams to that crime. Also, the trial court noted that Mr. Williams was trying to portray that it was Mr. McDaniels who raped that victim. However, the victim, as the trial court noted, specifically excluded Mr. McDaniels. Mr. Williams is also saying that the cause for his default is his failure to obtain Mr. McDaniels' affidavit. However, the cause for his default is his failure to present the claim to the Washington Supreme Court in direct review. And that's what this court found earlier, that the claim is defaulted because he failed to present it to the Washington Supreme Court. And that's why procedural default here is so important, because if Mr. Williams went straight from direct review to the federal court, there is no doubt that the federal court would find this particular claim not properly exhausted because he failed to present it to the Supreme Court. However, what he's trying to do now is he presented it the second time in his first-person restraint petition. The state court told him that this claim is defaulted, and he's trying to avoid the exhaustion requirement by presenting this claim to this court now, even though he would be clearly barred from presenting this claim if he went straight from direct appeal to filing federal habeas corpus petition. Mr. Williams cannot show cause, which is an objective external factor that prevented him from presenting this claim properly to state courts. He also cannot show prejudice that there is an error of constitutional violation or constitutional proportions that impacted his whole trial. Nor he can show actual innocence of that particular crime. Even, again, even if this court disagrees that Ingrid Taylor is an adequate and independent bar, it should hold that under APOS 2254, the recantation of witness is not a federal constitutional violation. Therefore, Mr. Williams is not entitled to relief. And in conclusion, respondent respectfully asks this court to find that Mr. Williams' claim is procedurally defaulted under independent and adequate state rule of Ingrid Taylor and the firm decision of the district court. Thank you. Your Honors, first of all, it is my excerpts of the record, volume two, page 12, in which it contains the affidavit of Mr. McDaniels, which specifically says that his attorney told him that if I didn't recant my false statements against Carlos Williams, I would receive a plea agreement that would otherwise not be offered. So he was saying there that he did make false statements, but he decided not to recant them in writing at that time because it would affect his plea agreement on his pending case. Your Honor, I do disagree with the state's merits analysis. It is important, I assert, that this court recognize that there was over a month-long DNA hearing with experts on both sides. There were issues of contamination. There were issues of subjective interpretation of the test results or slides, as they were at the time, that seriously questioned the reliability of that DNA evidence. Then what we're left with is some suggestive photo montages. We have an uncertified issue in that regard. And finally, we have Mr. McDaniels and his wife, but they are a package, and to characterize them as being entirely separate is inaccurate. Just like Taylor v. Maddox, just like Miller L. v. Cockrell, the district court failed to acknowledge significant portions of the record below that I just mentioned in its merits analysis. Its merits analysis is deeply flawed. It's based on an actual claim, suggesting that this is simply an actual innocence claim, where in fact it's Sixth and Fourteenth Amendment claims. All right. I think we have your arguments well in mind. You've used your time. Thank you both for your arguments. This matter will stand submitted. Thank you, Your Honors.
judges: Canby, Thompson, Callahan